AO 91 (Rev. 11/11) Criminal Complaint — AUSA Emily C.R. Vermylen, (312) 469-6309

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 462 |
|---|---|
| v. | **FILED** |
| AARON GAREL | 8/7/2025 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about August 7, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant, AARON GAREL, violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Iskar E. Smith*
ISKAR E. SMITH
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: August 7, 2025

*Jeannice W. Appenteng*
*Judge's signature*

City and state: Chicago, Illinois

Jeannice W. Appenteng, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, Iskar E. Smith, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been so employed since approximately June 2021. As part of my duties as an ATF Special Agent, I investigate violations of the Gun Control Act of 1968, the National Firearms Act of 1934, and other federal firearms statutes relating to the unlawful possession and trafficking of firearms. I have received training in the history of firearms laws and regulations, firearms criminal violations, interstate controls, firearms identification, and investigative call/social media analysis. I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. In the course of investigating firearms violations, I have also had occasion to investigate narcotics offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that on August 7, 2025, AARON GAREL violated Title 21, United States Code, Section 841(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging GAREL with knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States

Code, Section 841(a)(1), I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that GAREL committed the offense alleged in the complaint.

3. The facts in this affidavit are based on my personal involvement in this investigation; my training and experience; the training and experience of other law enforcement agents with whom I have consulted; information obtained from other law enforcement members and witnesses, including law enforcement personally who participated in the execution of a search warrant discussed below; physical surveillance; my review of audio and video recordings; open-source databases; and law enforcement databases.

I. **SUMMARY OF PROBABLE CAUSE**

4. In summary, and as described below, on August 7, 2025, GAREL was in possession of distribution quantities of cocaine, namely, a total of approximately 152.7 grams of a mixture and substance containing a detectable amount of cocaine. On August 7, 2025, law enforcement executed a search warrant at GAREL's residence, located at 6649 South Champlain Avenue, Unit 2, Chicago, Illinois (the "Champlain Residence"). GAREL was the only person inside the Champlain Residence. During the execution of the search warrant, GAREL threw two bags of cocaine, which contained a total of approximately 64.7 grams of cocaine, out of a bedroom window into a neighbor's backyard. Law enforcement also recovered approximately 88 grams of cocaine in the kitchen of the Champlain Residence.

## II. FACTS SUPPORTING PROBABLE CAUSE

5. In summary, between on or about May 17, 2025, and on or about July 7, 2025, GAREL, who is a convicted felon,[1] was present on three occasions at the Champlain Residence when Melvin Doyle sold firearms to ATF confidential informants. On August 6, 2025, Magistrate Judge Jeannice W. Appenteng authorized a warrant to search the Champlain Residence. During the execution of the search warrant, a Chicago Police Department officer observed an individual throw two bags from a second-story window into the next-door neighbor's backyard, which contained distribution quantities of cocaine. When law enforcement entered the Champlain Residence, they found GAREL in a bedroom consistent with the location from which the bags had been thrown. Inside the Champlain Residence, law enforcement recovered an additional distribution-quantity of cocaine in the kitchen.

### A. May 17-July 7, 2025, Garel was Present at Three Firearms Transactions and Communicated with Firearms Trafficker Doyle.

6. On July 16, 2025, Melvin Doyle was indicted for unlicensed dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A), and for possession of a firearm by a convicted felon. *United States v.* Doyle, 25 CR 367, Dkt. 14 (N.D. Ill.) (Pallmeyer, J.). In summary, from May 20, 2025, through July 7, 2025, Doyle sold a total of thirteen firearms over the course of five separate transactions to

---

[1] According to a law enforcement database, GAREL is a convicted felon with the following criminal convictions in the Circuit Court of Cook County: a 2003 conviction for aggravated unlawful use of a weapon; a 2005 conviction for possession of a controlled substance; a 2006 conviction for manufacturing/delivery of controlled substances; and a 2018 conviction for manufacturing/delivery of cannabis.

3

ATF confidential informants, for a total of $13,800. In each of the five transactions—which occurred on May 20, 2025, May 29, 2025, June 24, 2025, July 1, 2025, and July 7, 2025—Doyle sold firearms to some combination of CI-1[2], CI-2[3], and CI-3[4].

7. Based on my review of surveillance recordings and law enforcement surveillance, four of the firearms transactions conducted by Doyle took place at the Champlain Residence. GAREL was present and visible on surveillance for three of the transactions—on May 29, 2025, June 24, 2025, and July 1, 2025.

8. On or about July 22, 2025, law enforcement interviewed the landlord of the Champlain Residence ("Individual A"). According to Individual A, GAREL resides at the Champlain Residence. According to Individual A, Individual A communicates

---

[2] CI-1 has been working as a confidential informant with the Chicago Police Department since 2021, and as a confidential informant for ATF since January 2022 for monetary compensation. As of the date of this affidavit, the CI has been paid approximately $47,450 in ATF funds. According to law enforcement databases, CI-1 has the following convictions: a 2010 conviction for obstructing justice/destroying evidence; a 2010 retail theft conviction; a 2016 domestic battery conviction; and a 2018 battery conviction. I believe that the information provided by CI-1 is credible and reliable because, among other reasons, it has been corroborated by members of law enforcement and has led to the seizure of firearms.

[3] CI-2 has been working as a confidential informant for ATF since December 2022 for monetary compensation. According to law enforcement databases, CI-2 has the following convictions: a 2014 conviction for dealing in cocaine; a 2017 conviction for possession of a firearm by a serious violent felon; and a 2018 conviction for receiving stolen automobile parts. As of the date of this affidavit, CI-2 has been paid approximately $27,350 in ATF funds. I believe that the information provided by CI-2 is credible and reliable because, among other reasons, CI-2's information has been corroborated by law enforcement and has led to the seizure of firearms.

[4] CI-3 has one felony conviction for burglary. CI-3 has worked with ATF from approximately February 2022 through the present. CI-3 is cooperating with ATF in exchange for consideration on federal firearm charges. CI-3 has also been paid approximately $31,500 for his/her cooperation with law enforcement. Law enforcement believes CI-3 to be a reliable source of information because information provided by CI-3 has been corroborated by recorded communications and surveillance and has led to the seizure of firearms and narcotics.

4

with GAREL at telephone number (773) 812-3008 (the "Garel Phone Number"). Based on my review of surveillance recordings of the May 29, 2025 transaction, GAREL provided the Garel Phone Number to CI-1 as his phone number.

9. According to my review of text messages and recorded calls between Doyle and CI-1, Doyle used phone number (312) 686-3365 (the "Doyle Phone Number") to arrange the five firearms transactions. According to records from AT&T, the Doyle Phone Number was in contact with the Garel Phone Number approximately 217 times between May 15, 2025, and July 7, 2025, including on the dates of each of the five firearms transactions.

10. Following his arrest, and after being advised of his rights pursuant to *Miranda*, Doyle agreed to speak with law enforcement. Doyle stated, in summary, that he believed that one of the firearms that he sold to the CIs was provided by a person who lives on the 6600 block of South Champlain Avenue in Chicago, the block containing the Champlain Residence. Law enforcement asked Doyle how he knew this individual. In response, Doyle stated, "he like a brother." Doyle also said that this person's nickname was "Little." Later in the conversation Doyle stated that "Little's" first name was "Aaron"—which is GAREL's first name—and that he would call "Aaron" when setting up firearms transactions.

    **B.**     **August 7, 2025, Garel Threw Cocaine Out of a Bedroom Window During the Execution of a Search Warrant.**

11. On August 6, 2025, law enforcement obtained a search warrant for the Champlain Residence. *See In the Matter of the Search of: The apartment located at*

5

*6649 South Champlain Avenue, Unit 2, Chicago, Illinois, further described in Attachment A*, Case No. 25 M 505 (Appenteng, J.) (under seal).

12. The Champlain Residence is a second-floor apartment within a three-floor greystone building. As reflected in the Google Maps image below, an alley is located directly north of the building and runs east-west in parallel to 67th Street.



13. On August 7, 2025, at approximately 7:44 a.m., law enforcement executed the search warrant on the Champlain Residence. Agents entered the main door to the apartment building, walked up the stairs to the second floor, and knocked on the second-floor interior door to the Champlain Residence and announced their presence. At approximately the same time, a Chicago Police Department officer standing in the alley directly north of the apartment building observed a black arm extend out of a window of a bedroom within the Champlain Residence that faces north. The window had an air-conditioning unit attached to it. The officer observed the black arm throw one clear plastic bag, containing a white substance, into the backyard of the property across the alley and directly north of the Champlain

6

Residence. The officer then observed the black arm throw a second clear plastic bag, also containing a white substance, in the same location as the first bag.

14. The two bags were later recovered by law enforcement in the grass area of the backyard of the property directly north of the Champlain Residence. The bags are depicted below as recovered:



15. The bags field tested positive for cocaine. The bags weighed a combined total of approximately 64.7 grams.

16. When law enforcement entered the Champlain Residence, they discovered GAREL, who is a black male, inside a bedroom of the residence with windows facing north along the alley. One of the bedroom windows contained an air-conditioning unit and was consistent with the location of the window with the air-conditioning unit where the CPD officer saw a black arm emerge and throw the two bags of cocaine. A cellular phone corresponding to the Garel Phone Number was recovered in the same bedroom on the bed. No one else was inside the residence when law enforcement searched it.

17. Inside a different bedroom that was located south of the bedroom where law enforcement encountered GAREL, law enforcement recovered a black bag inside a built-in drawer in the closet that contained two pistols. Specifically, law enforcement recovered a Smith and Wesson M&P Sheild .40 caliber pistol, bearing serial number JFC080, loaded with approximately 7 rounds of .40 caliber ammunition. Law enforcement also recovered a Rossi Model M971, .357 revolver, bearing serial number F107589, loaded with approximately 6 rounds of ammunition. The two firearms and associated ammunition are shown below:



18. As depicted in the below photograph, inside the kitchen of the Champlain Residence, law enforcement recovered a plastic bag inside a pressure cooker containing a white substance. The substance field-tested positive for cocaine and weighed approximately 88 grams.



### III. CONCLUSION

19. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that, on or about August 7, 2025, AARON GAREL knowingly and intentionally possessed with intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

*Iskar E. Smith*
ISKAR E. SMITH
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and affirmed by telephone on August 7, 2025.

*Jeannice W. Appo*
Jeannice W. Appenteng
UNITED STATES MAGISTRATE JUDGE

9